The Honorable Gerald T. Henry State Representative, Forty-Eighth District 3515 Neosho Road Cummings, Kansas 66016
Dear Representative Henry:
You inquire about the interpretation of K.S.A. 1993 Supp. 66-525
dealing with the disposition of abandoned railroad property in Kansas. You indicate that "Rails to Trails Task Force" of the Glacial Hills Resource Conservation and Development Council, Inc. (RCD) is studying the possibility of converting the old Atchison, Topeka and Santa Fe rail line into a hiking/biking trail. You inquire whether K.S.A. 1993 Supp.66-525 authorizes the sale or donation of the abandoned rail line to RCD pursuant to the national trails system act, 16 U.S.C. § 1241 et seq.
The abandonment of railroad lines is governed by federal law. No railroad can be abandoned without the interstate commerce commission's (ICC) approval. 49 U.S.C. § 10903(a). Chicago N.W. TransportationCo. v. Kalo Brick Tile Co., 450 U.S. 311, 313, 101 S.Ct. 1124, 1128,67 L.Ed.2d 258 (1981). The national trails system act (trails act), enacted to preserve established railroad rights-of-way for future reactivation of rail service, authorizes the ICC to permit such rights-of-way to be used on an interim basis as recreational trails. 16 U.S.C. § 1247(d)The concept is known as "railbanking," whereby the use of a railroad right of way as a recreational trail on an interim basis is not considered an abandonment of rail use for purposes of any state law, so long as the right of way is subject to restoration for rail service.16 U.S.C. § 1247(d). During a proposed abandonment or discontinuance, groups who seek to establish a trail on a railroad right-of-way may file an interim trail use statement with the ICC within the 30-day protest and comment period. 49 C.F.R. § 1152.29(b)(1). If an agreement is reached between the railroad and the trail use group, the railroad right-of-way becomes railbanked. The national trails system act preempts any state law that deals with disposition or transfer of abandoned railroad property. Glosemeyer v. Missouri-Kansas-TexasRailroad Co., 685 F. Supp. 1108, 1114 (E.D.Mo. 1988).
It is only in the absence of a trail use agreement and the issuance of a certificate of abandonment by the ICC that state law is applicable. The agreements are voluntary and the trails act does not give the ICC the power to condemn railroad rights-of-way for interim trail use and railbanking. 2 ICC2d 591, 596 (1985). In other words, the abandonment of railroad property is governed and approved by the ICC and subject to the national trails system act. The disposition of abandoned railroad rights-of-way is governed by state law when no voluntary agreement is reached. Hayfield Northern Railroad Co. v. Chicago and North WesternTransportation Co., 467 U.S. 622, 81 L.Ed.2d 527 (1984).
K.S.A. 1993 Supp. 66-525(a) governs the disposition of abandoned railroad rights-of-way but does not apply because the ICC issued a Decision and Notice of Interim Trail Use or Abandonment on March 30, 1994, giving the railroad in question and a different trail group, American Trails Association, Inc. 180 days to enter into an interim trail use agreement. We understand that an order providing for an interim trails use/railbanking has been implemented pursuant to a negotiated agreement, making K.S.A. 1993 Supp. 66-525 inapplicable.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm